# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEREK MURRAY,

                Plaintiff,

v.

OFFICER RICHARD LITWIN,

                Defendant.

Case No. 15-CV-1441-JPS

ORDER

1.     INTRODUCTION

On June 21, 2016, Defendant Officer Richard Litwin ("Litwin") filed a motion to dismiss Plaintiff Derek Murray's ("Murray") amended complaint. (Docket #18). Murray's response to that motion was due on or before July 12, 2016. *See* Civil L. R. 7(b). On July 13, 2016, Murray filed a motion for extension of time to submit his response. (Docket #22). That motion was granted and Murray was given until August 1, 2016 to do so. (Docket #23). That order informed Murray that no further extensions of time would be granted. *Id.*

On August 2, 2016, Murray filed a second motion for extension of time to submit his response. (Docket #24). He claimed that he had no access to his "legal papers" because he was in the prison's temporary lockup. *Id.* It appears, however, that, based on the exhibit to Murray's motion and information obtained from the prison by Litwin's counsel, Murray was placed there because he assaulted another inmate. (Docket #25, #26, #27, #32). Murray contends that he was defending himself. (Docket #30 at 1-2). However, the conduct report Murray provided says nothing about which party was the aggressor, and the officer reviewing the report found him guilty of assault. (Docket #30 at 3-4; #32-1).

The Court will not exercise its discretion to allow Murray additional time to submit a response for two reasons. First, he was told that no further extensions would be granted. Second, it appears that the delay was occasioned, at least in part, by his own (possibly criminal) behavior. Murray's second motion for an extension of time will be denied. His response, which was filed on August 3, 2016, will not be considered. (Docket #29). The Court will, therefore, address Litwin's motion in its unopposed form.[1]

2.  STANDARD OF REVIEW

Litwin has moved to dismiss Murray's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). In reviewing Murray's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480-81.

---

[1] Litwin's motion for extension of time to file a reply brief (Docket #33) will be denied as moot.

3. RELEVANT ALLEGATIONS

The amended complaint alleges as follows. On October 1, 2008, Litwin shot at Murray twice and struck him once in the side. (Docket #13 at 3). The connecting shot caused Murray injuries which put him in critical condition, requiring immediate surgery. *Id.* at 3-4. As of today, the injured area causes Murray pain when working or engaging in physical activity. *Id.* at 5.

4. ANALYSIS

    4.1    Murray's Claims Are Time-Barred

Throughout the progression of this case, the Court has noted its concern for the timeliness of Murray's claims. (Docket #10 and #12). At the screening stage, the Court did not dismiss the claims on timeliness grounds because it could not "say with certainty that the limitations period has run and should not be tolled." (Docket #15 at 3-4); *see Lewis v. Stenz*, 637 Fed.Appx. 943, 944 (7th Cir. 2016). Litwin has now asserted the statute of limitations as an affirmative defense. (Docket #18).

In light of Litwin's arguments and Murray's failure to respond thereto, the Court finds that Murray's claims are time-barred. Murray's claims are subject to a six-year statute of limitations. *Malone v. Corrections Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009); *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989) ("[W]e hold that Wisconsin's six-year personal rights statute of limitations applies to § 1983 actions."). Because the complained-of act occurred in October 2008, and Murray did not file this lawsuit until December 2015, it would appear that he missed the statute of limitations by over a year. *See* (Docket #1 and #13).

In briefs submitted as part of the screening process, Murray contended that he is entitled to equitable tolling of the statute of limitations. *See* (Docket

#2, #11, and #14). The Court's inquiry could end here; Murray chose not to respond to Litwin's motion to dismiss and raise the equitable tolling issue. Nevertheless, the Court will give Murray the benefit of treating his earlier-submitted materials as relevant argument in opposition to dismissal, as did Litwin. *See* (Docket #14).

4.2     Equitable Tolling Does Not Apply

Equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006). It is "rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The *Tucker* court instructed that,

> before the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. Second, he must also show that he has diligently pursued his claim, despite the obstacle.

*Id.* (citations omitted). The burden of showing that equitable tolling is appropriate lies with the asserting party. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Murray fails to properly invoke equitable tolling for four reasons. First, he asserts that he is incarcerated at a maximum security prison and has trouble accessing the law library. (Docket #14 at 1). The Seventh Circuit holds that incarceration alone, even in administrative segregation, does not justify equitable tolling. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014); *see Tucker*, 538 F. 3d at 735. Second, Murray argues that he could not recognize that he had a potential claim until he began his legal research. (Docket #14 at

4). This too fails, as "lack of legal expertise is not a basis for invoking equitable tolling." *Tucker*, 538 F.3d at 735.

Third, his detailed account of the time between his arrest and the filing of this lawsuit reveals substantial periods where he failed to "diligently pursue[] his claim." *Id.* at 734. Litwin describes Murray's first step in investigating this lawsuit as the provision of legal materials to his jailhouse lawyer in October 2011. (Docket #20 at 9; Docket #14 at 2). Even assuming the Court agreed that such an action constitutes diligent pursuit of his claim, it occurred more than three years after the shooting incident in 2008. Further, the documents Murray submitted with his timeliness briefing demonstrate that he did not attempt to begin retrieving relevant documents until July 11, 2012. (Docket #14 at 25). This lengthy delay weighs strongly against applying equity in his favor. *See Pace*, 544 U.S. at 419 (refusing to apply equitable tolling when a petitioner waited for years to assert claim without explanation). Murray's only excuse for the period between the shooting incident and the beginning of his investigation for this lawsuit is the criminal prosecution against him at that time. *Id.* at 2. Neither Litwin nor the Court can locate controlling precedent which holds that a criminal prosecution is an extraordinary circumstance justifying equitable tolling, and the Court declines to do so here.

Murray then took various steps over nearly two years to obtain the police reports of the shooting incident. (Docket #14 at 3). While much of that time was taken by delayed responses from the circuit court, the entire exercise was not necessary. Murray's claim is factually simple and he did not need Litwin's name to file this lawsuit; that information, and any other relevant details, could be obtained in discovery. *Hines v. City of Chicago*, 91

Fed.Appx. 501, 502-03 (7th Cir. 2004). Thus, the time and effort spent seeking these documents cannot be considered reasonable diligence. *Id.*

Finally, and most importantly, Murray acknowledges that, as of March 24, 2014, he had all the relevant documents he believed were necessary to prepare this lawsuit. (Docket #14 at 3). Though the limitations period would not expire for another six months, Murray nevertheless waited more than a year and a half to file his case. In *Cada*, the Seventh Circuit addressed the same scenario:

> When as here the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so. The presumption will be more easily rebuttable the nearer the date of obtaining the information is to the date at which the statutory period runs out. In this case the interval was eight months, huge in the circumstances. We hold that a plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information. Cada failed to do this.

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990). Murray's failure to sue in the six-month window remaining to him fatally undermines his claim to equitable tolling.[2]

---

[2] Murray's appears to deflect blame for this and other delays to his jailhouse lawyer, who had repeated incidents of confiscation and investigation by prison officials. (Docket #14 at 2-4). However, even the negligence of a licensed attorney does not rise to the level of "extraordinary circumstances." *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003). A litigant bears the ultimate responsibility for their attorney's actions or failures. *Id.* at 968. Murray chose to entrust this matter to his jailhouse lawyer and must similarly bear responsibility for any delays caused by that choice.

5.   CONCLUSION

Murray's claim against Litwin is time-barred. Murray fails to carry his burden in asserting equitable tolling to escape this result. The conclusion that equitable tolling is inapplicable is "uncontestable," not only because Litwin has defeated each of the arguments from Murray's previously-filed briefs, but further that Murray literally failed to contest Litwin's positions by responding to the motion to dismiss. *See Lewis*, 637 Fed.Appx. at 944. The motion to dismiss will be granted and Murray's claims will be dismissed with prejudice.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (Docket #18) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's claims against the defendant be and the same are hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time to file a response (Docket #24) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendant's motion for extension of time to file a reply (Docket #33) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed as for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g); and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge